LAWRENCE W. McCOY AND ILO P. McCOY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83102. Filed September 13, 1962.

*William L. Taylor, Jr., Esq.*, for the petitioners.
*Robert L. Ackerson, Esq.*, for the respondent.

ATKINS, *Judge:* The respondent determined a deficiency in income tax in the amount of $221.69 for the taxable year 1956. The only issue for decision is the fair market value of an automobile received by the petitioner as a prize.

### FINDING OF FACTS.

Some of the facts have been stipulated and are incorporated herein by this reference.

Petitioners are husband and wife residing in Nashville, Tennessee. They filed a joint income tax return for the taxable year 1956 with the district director of internal revenue, Nashville, Tennessee. Lawrence W. McCoy will hereinafter be referred to as the petitioner.

During 1956 petitioner was employed by the Hotpoint Appliance Sales Co., a division of the General Electric Company. During that year and for several years prior thereto, the Hotpoint Company sponsored an annual sales contest and distributed awards to the winners. As a result of the 1956 contest, petitioner received as an award from General Electric a new 1957 Lincoln Capri two-door coupe automobile equipped with radio, heater, power steering, power brakes, and white sidewall tires. The award was presented to petitioner at a banquet held in Jacksonville, Florida, on November 5, 1956. At the time of the award, the 1957 Lincoln models had been on the market about 1 month. The cost of the automobile to General Electric Company was $4,452.54.

After receiving the automobile, the petitioner drove it from Jacksonville, Florida, to his then home in Knoxville, Tennessee. On the advice of a representative of his employer he went to an authorized Lincoln-Mercury dealer in that city to get an appraisal of the automobile, the result of which is not disclosed by the record. Within 10 days after receiving the Lincoln car, petitioner traded it to a dealer for $1,000 in cash and a 1957 Ford Country Squire station wagon with power equipment, having a dealer's price of $2,600. Petitioner included in his adjusted gross income for the year 1956 the amount of $3,600 as the value of the Lincoln automobile.

For the year 1956 General Electric Company submitted to the respondent an information return for the calendar year 1956 in which it reported the payment of additional compensation to petitioner in the amount of $4,452.54, which was the cost to it of the Lincoln automobile.

In 1956 the petitioners had 4 children. Over the 5-year period prior to the trial the petitioner's average annual income was about $7,500. In his return for 1956 he reported adjusted gross income of $13,546.10, which included the $3,600 on account of the Lincoln automobile and

other nonrecurring items. At the time he received the Lincoln automobile the petitioner did not own a car. He had not purchased an automobile since 1954 when he had purchased a used Oldsmobile which he sold in 1955. Subsequent to selling his Oldsmobile, petitioner used automobiles furnished to him by his employer and, after receiving the Lincoln and trading it in for the Ford station wagon, he continued to use automobiles furnished by his employer. The Ford station wagon was used primarily by his wife. Except for the car in question, the petitioner has never owned a Lincoln car and has never considered purchasing one.

In the notice of deficiency the respondent determined that petitioner had additional income of $852.54, stating that "the fair market value of a Lincoln Capri automobile which you received as a prize or award * * * was $4,452.54 rather than the amount of $3,600 which was included in the income reported in your return on account thereof."

The fair market value of the Lincoln automobile at the time received by petitioner in 1956 was $3,900.

### OPINION.

Section 74(a) of the Internal Revenue Code of 1954 provides, with exceptions not here material, for the inclusion in gross income of amounts received as prizes and awards. Section 1.74-1(a)(2) of the Income Tax Regulations, promulgated pursuant to that section, provides that if the award is not made in money but is made in goods or services then the fair market value of such goods or services is the amount to be included in income.

The petitioner does not deny that there should be included in his taxable income the fair market value of the Lincoln automobile, and indeed he included the amount of $3,600 in his income tax return for 1956 on account thereof. He contends that the $3,600 represents the fair market value of the automobile in his hands since that was the amount which he realized when he traded it in, 10 days later, for a Ford station wagon, the dealer's price of which was $2,600, and boot of $1,000.

The petitioner recognizes that his employer paid $4,452.54 for the automobile, but contends that this does not represent its fair market value to him, arguing that if the employer had attempted to sell the automobile, rather than give it to him, the car would have brought a much lesser price than the amount originally paid for it.

The respondent contends that the fair market value of this automobile was $4,452.54, the amount which the petitioner's employer had paid for it. He points to the fact that after receiving the automobile, the petitioner owned it for 10 days and drove it from Jacksonville, Florida, to Knoxville, Tennessee, and contends that this use depre-

844

ciated the value of the car below its value at the time of its receipt by petitioner.

The evidence does not show precisely when the petitioner's employer purchased the automobile, but it was within a month prior to the time it was given to the petitioner. When the car was received by the petitioner it was a new car in the sense that it had not been actually used. However, we think it is common knowledge of which we may take notice, that when an automobile has been purchased from a dealer the purchaser cannot, on a sale of the car, normally realize the price which he paid for the car, even though it has not been actually used. We think that a substantial part of the reduction in value of the car in question is attributable to this fact. On the other hand, we cannot conclude that the full reduction in value to $3,600 was attributable to this factor. It is also a matter of which we may take notice that the value of an automobile is reduced as a result of use. We think the fair market value of the car was reduced to a substantial extent as a result of the petitioner's having owned and used it for 10 days and having driven it from Jacksonville, Florida, to his home in Knoxville, Tennessee.

Thus, in our opinion, neither the price paid by the employer nor the price received by the petitioner establishes the fair market value of the car in the petitioner's hands at the time he received it. The evidence adduced does not permit of an exact determination of such fair market value. Under the circumstances, we have exercised our best judgment and have concluded and found as a fact that the value of the Lincoln automobile had a fair market value of $3,900 at the time it was received by the petitioner. Cf. *Cohan* v. *Commissioner*, 39 F. 2d 540. That amount should be included in the petitioner's taxable income instead of the $3,600 reported by the petitioner in his return.

*Decision will be entered under Rule 50.*