GREGORY K. and COLLEEN HILTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hilton v. Commissioner
Docket No. 8104-89
United States Tax Court
T.C. Memo 1990-11; 1990 Tax Ct. Memo LEXIS 11; 58 T.C.M. (CCH) 1143; T.C.M. (RIA) 90011; January 8, 1990
William H. Adams and Rand M. Elison, for the petitioners. James B. Ausenbaugh, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined deficiencies in the Federal income tax liability of petitioners as follows: Year
Deficiency
1983
$ 1,118.40
1984
916.22
The primary issue for decision is whether certain trips to Acapulco, Mexico, and Paris, France, were personal or business trips. FINDINGS OF FACT Some of the facts have been stipulated *13 and are so found. Petitioners resided in Murray, Utah, at the time of filing the petition in this case. Petitioners work for radio station KSOP, a country-western station that broadcasts on both the AM and FM bands throughout Utah and parts of Arizona, Colorado, Idaho, and Nevada. Radio station KSOP was founded by William Hilton, petitioner Gregory Hilton's father, approximately 25 years ago and apparently was the first radio station in the nation to program country-western music 24 hours a day. During 1983 and 1984, William Hilton was president of KSOP, Inc. ("KSOP"), the family corporation that owns the radio station. Petitioner Gregory Hilton was vice president of the corporation and general manager of the radio station. Petitioner Colleen Hilton is a Certified Public Accountant. She was the secretary and treasurer of KSOP, and she was controller and accountant for the radio station. The stock of KSOP is owned 51 percent by William Hilton, 20 percent by petitioner Gregory Hilton, and the remaining stock is owned by other family members. During 1983 and 1984, television station KUTV, Inc. ("KUTV") of Salt Lake City, Utah, offered an incentive program to its advertising clients *14 to increase their level of advertising with the station. If specified levels of advertising with KUTV were purchased in 1983 and 1984, the clients who qualified were awarded all-expense paid trips to various international destinations. In 1983, KSOP purchased the specified level of advertising with KUTV and was awarded two trips to Acapulco, Mexico, which trips KSOP transferred to petitioners. Petitioners took the trips to Acapulco from October 8 through October 17, 1983. The trips included round-trip air fare to Los Angeles and a cruise to Acapulco on the "Love Boat." The stipulated combined value for both petitioners was $ 144 for air fare and $ 2,648 for the cruise. In 1984, KSOP again purchased the specified level of advertising with KUTV and was awarded two trips to Paris, France, which trips KSOP transferred to petitioners. Petitioner Gregory Hilton and Carl Brown, KSOP's accountant, took the trips to Paris from October 19 through October 27, 1984. Petitioner Colleen Hilton did not take the trip to Paris because of complications associated with her pregnancy. The trips included round-trip air fare, hotel, and meals. The stipulated combined value for both petitioner and *15 Carl Brown was $ 1,686 for air fare and $ 724 for hotel and meals. Traveling as a group with petitioners in 1983 to Acapulco and with petitioner Gregory Hilton and Carl Brown in 1984 to Paris were senior officers and sales representatives of television station KUTV and other individuals who owned or worked for advertising clients of KUTV, which clients also had received trip awards under KUTV's incentive advertising program. Some of these individuals and the companies they owned or for whom they worked had previously advertised with radio station KSOP or were regarded by the Hiltons as potential advertising clients of radio station KSOP. The travel-award trips to Acapulco and Paris included sightseeing and socializing activities. Petitioners and Carl Brown do not deny that they participated in these activities. Also, petitioners and Carl Brown had occasion to discuss with other trip participants and to explain to them the general advertising philosophy of the management of radio station KSOP. No records, however, were maintained by petitioners, Carl Brown, or KSOP of the time, place, extent, or specific nature of such conversations, of the specific individuals with whom they *16 had such discussions, nor of the actual or potential customers of radio station KSOP for whom such individuals worked. No advertising time on radio station KSOP was sold on the trips, nor were any sales of advertising on KSOP even attempted by petitioners or by Carl Brown. On the 1983 and 1984 corporate Federal income tax returns of KSOP, the value of the trips KSOP received from KUTV were not reported as taxable income, they were not treated as deductible compensation income paid to petitioners or to Carl Brown, nor were they treated as deductible business expenses of KSOP. On the 1983 and 1984 individual Federal income tax returns of petitioners, the value of the trips petitioners received from KSOP were not reported as taxable income, nor as deductible business expenses. On audit, respondent determined that the value of the trips received from KUTV were taxable income to petitioners, and no offsetting business expense deductions were allowed to petitioners with respect to the trips. OPINION Petitioners argue that the trips they received primarily advanced the business interests of KSOP, as opposed to their personal interests or the personal interests of Carl Brown, and *17 therefore that the value of the trips should not be taxable to them, or, if taxable to them, that they should be entitled to offsetting business expense deductions with respect to the trips. Based on the exception set forth in section 274(e)(3), [1] petitioners also argue that the strict substantiation requirements of section 274(d) are not applicable to the claimed offsetting business expense travel deductions. With certain exceptions not relevant here, gross income includes the fair market value of prizes and awards received by a taxpayer. Secs. 61 and 74; sec. 1.74-1(a), Income Tax Regs.; Hornung v. Commissioner, 47 T.C. 428, 435-436 (1967); McCoy v. Commissioner, 38 T.C. 841, 843 (1962). Further, a trip will not be regarded as business related if it is primarily for pleasure and in the nature of a vacation. A mere casual connection to one's business does not justify treating the cost of the trip as a business expense. *18 See also sec. 1.162-2, Income Tax Regs.; McCann v. United States, 696 F.2d 1386, 1387-1388 (Fed. Cir. 1983). Petitioners have not established that the trips they received to Acapulco and Paris were primarily related to the business interests of KSOP, as opposed to their personal interests. The trips were awarded in connection with the business interests of KUTV, not the business interests of KSOP. The trips were structured so as to enhance the client relationships of KUTV, not KSOP. Sales representatives of KUTV escorted the traveling group to promote future advertising business of television station KUTV, not to promote the advertising business of the unrelated radio station KSOP. The fact that petitioners and Carl Brown had conversations at breakfast, lunch, and dinner, at "poolside," and on other similar occasions during the trips to Acapulco and Paris with other individuals traveling in the group concerning the general advertising philosophy of the management of radio station KSOP does not establish that the purpose of the trips related primarily to the business of KSOP, rather than to the personal travel of petitioners and Carl *19 Brown. Petitioners and Carl Brown scheduled no particular meetings with other individuals in the group to discuss advertising on radio station KSOP. They did not attempt to sell any advertising on KSOP during the trips, and they kept no records of the individuals with whom they had general discussions. When petitioner Colleen Hilton was unavailable to go on the trip to Paris, KSOP'S accountant, rather than one of its sales representatives, was selected to make the trip. The above facts establish the personal, nonbusiness nature of the trips insofar as KSOP, petitioners, and Carl Brown are concerned. The stipulated value of the trips is included in petitioners' taxable income under sections 61 and 74. [2]
With regard to the claimed offsetting business expense deductions for the value of the trips, petitioners acknowledge that they do not meet the substantiation requirements of section 274(c) and (d) generally applicable to deductible foreign travel and entertainment expenses. As indicated, however, they argue that they *20 are excepted from such requirements by section 274(e)(3) [now section 274(e)(2)]. [3] That provision, however, pertains only to the value of travel that is included by an employer in the reported compensation income of its employees subject to income tax withholding. Neither petitioners nor KSOP reported the value of the trips in question in the income of any employees. The exception provided in former section 274(e)(3) to the requirements of section 274(d) is not applicable. *21 For the reasons stated, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the years in issue.↩
2. Petitioners did not argue that the value of the trip Carl Brown took to Paris in 1984, if taxable at all, should be taxable to Carl Brown, not to them.↩
3. Section 274(e)(3), as in effect for 1983 and 1984, provides as follows: SECTION 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. * * * (e) Specific Exceptions to Application of Subsection (a). -- Subsection (a) shall not apply to -- (3) Expenses treated as compensation. -- Expenses for goods, services, and facilities, to the extent that the expenses are treated by the taxpayer, with respect to the recipient of the entertainment, amusement, or recreation, as compensation to an employee on the taxpayer's return of tax under this chapter and as wages to such employee for purposes of chapter 24 (relating to withholding of income tax at source on wages).↩